**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL W. GUNDERMAN, JR.,                                                                                    PLAINTIFF
ADC #153755

v.                                          NO. 5:13CV00293 JLH

RAY HOBBS, Director,
Arkansas Department of Correction, *et al.*                                                              DEFENDANT

**OPINION AND ORDER**

  Michael W. Gunderman, Jr., is a prisoner in the Randall Williams Unit of the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that defendants violated his constitutional rights. The Prison Litigation Reform Act requires federal courts to screen complaints filed by prisoners. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Gunderman's complaint fails to state a claim upon which relief may be granted, so it must be dismissed.

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint

must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Gunderman alleges that defendants violated his procedural due process rights in connection with disciplinary proceedings that were held against him in July and August of 2013. Documents #1 and #5. As punishment for violating several prison rules, Gunderman was reduced in class, he lost his commissary and other privileges, and he was confined in punitive isolation for thirty days. *Id*.

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). A prisoner does not have a liberty interest arising from being placed in punitive isolation for thirty days. *Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301; *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002). Similarly, a prisoner does not have a liberty interest in maintaining his classification level or commissary and other privileges. *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976); *Sanders v. Norris,* 153 Fed. App'x 403, 404 (8th Cir. 2005); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir.1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). Because Gunderman's disciplinary convictions did not implicate a liberty interest, he has failed to state a viable due process claim.

Gunderman also contends that defendants discriminated against him during the disciplinary process. Although he was directed to do so, Gunderman has not provided any facts to support that conclusory allegation. Documents #2 and #5. Thus, he has failed to state a viable discrimination claim. *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949-50 (labels and conclusions and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; the complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"); *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008) (to state a valid equal protection claim, a prisoner must allege facts demonstrating that prison officials intentionally treated him differently than similarly situated inmates).

Finally, Gunderman claims that defendants violated several ADC rules during his disciplinary hearings and appeals. Prisoners, however, do not have a constitutional right to enforce compliance with internal prison rules or regulations. *Phillips*, 320 F.3d at 847; *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997).

## CONCLUSION

Michael W. Gunderman, Jr.'s complaint is DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief may be granted. This dismissal constitutes a "STRIKE" pursuant to 28 U.S.C. § 1915(g). The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 25th day of October, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE